# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LISA JONES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 19-0102-CV-W-BP |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

Pending is a Motion for Appointment of Interim Class Counsel. Defendant "takes no position" on the motion and leaves its resolution to the Court. (Doc. 40.) After independently considering the motion the Court concludes that appointment of interim class counsel has not been justified, so the motion, (Doc. 34), is denied.

Plaintiffs brought this suit against Monsanto Company, generally alleging that the label on some of its herbicides is deceptive and asserting a variety of claims for fraud, breach of warranty, and violation of state consumer protection statutes. Plaintiffs' attorneys are (1) Kim Richman of Richman Law Group, (2) Michael Baum of Baum, Hedlund, Aristei & Goldman, P.C., (3) Bryce Bell of Bell Law LLP, and (4) other attorneys from their firms. They ask the Court to appoint Richman and Baum as Interim Co-Lead Counsel and Bell as Interim Liaison Counsel. They state that once appointed, they "intend to maintain an Executive Committee comprised of" six additional attorneys from other law firms. (Doc. 34, p. 2.)

As the request for appointment of "interim" class counsel suggests, a class has not been certified in this case. Plaintiffs' Motion to Certify has not been filed and is not due until January 2020. (Doc. 29, ¶ 6.) This is significant because while the motion provides a detailed explanation

as to why these attorneys should be appointed as class counsel, the motion does not explain why they should be appointed on an interim basis, before a class has been certified.

The motion points out that designation of class counsel may occur before a class is certified, *see* Fed. R. Civ. P. 23(g)(3), and that the Manual for Complex Litigation advises in part that "[e]arly organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task." Manual for Complex Litigation (Fourth), ("the Manual") § 22.62. However, the moving attorneys do not explain why the Court should exercise its discretion to appoint interim counsel in *this* case – and the Committee Notes to Rule 23 and the Manual suggest that appointment of interim counsel is not called for in this case.

Rule 23(g)(3) (originally, Rule 23(g)(2)(A)) was added in 2003. The Committee Note to that provision states that it was intended to authorize a court to "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. . . . [O]rdinarily, such [pre-certification] work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes designation of interim counsel appropriate." Similarly, the quote from the Manual relied upon by the moving attorneys (and the ensuing discussion in the Manual) addresses situations in which there are multiple consolidated cases, or at least multiple cases pending in a single court, such as in the instance of Multi District Litigation. In these situations, there are different cases with different plaintiffs represented by different attorneys, so there is often a need to streamline the pretrial process by designating roles and functions for the various attorneys. But these circumstances are not present here. This is a single case. The attorneys asking to be appointed to represent the class are the attorneys who filed the case – thus, as the Committee Notes suggests, the Court presumes that they will handle all pretrial matters for their clients. Appointing them as interim class counsel will not enhance their
2

ability to perform these duties. Because this is a single case – and there are no similar cases pending here – there is also no conflict as to which lawyers should represent the plaintiffs, and no apparent concern about protecting the putative class's interests. Therefore, the Court discerns no reason to appoint interim class counsel, and the motion, (Doc. 34), is **DENIED**.

IT IS SO ORDERED.

                                                                   /s/ Beth Phillips
                                                                   BETH PHILLIPS, CHIEF JUDGE
DATE: June 14, 2019                            UNITED STATES DISTRICT COURT