UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LISA JONES, HORACIO TORRES BONILLA, and KRISTOPHER YEE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | Case No. 4:19-cv-00102-BP |

### DEFENDANT MONSANTO COMPANY'S ANSWER TO COMPLAINT

Monsanto Company ("Monsanto"), through counsel, responds to the Complaint as follows:

### GENERAL DENIAL

Except as otherwise expressly admitted, Monsanto denies each and every allegation of the Complaint, including all captions, footnotes, and headings, and specifically denies any liability to Plaintiff. Monsanto also denies all allegations that contain legal arguments and conclusions of law, as those allegations do not require a response. To the extent a response is required to the Complaint's headings, footnotes, and subheadings, Monsanto denies all allegations contained therein. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

### SPECIFIC RESPONSES

Answering specifically the numbered paragraphs of the Complaint, Monsanto states as follows:

1

# INTRODUCTION

1. Monsanto admits that it manufactures Roundup® Products and that Scotts Miracle-Gro Company distributes Roundup® Products nationwide. The remaining allegations in Paragraph 1 are denied.

2. Monsanto admits that labels on certain retail Roundup® products contain the statement that glyphosate targets an enzyme found in plants but not in people or pets. The remaining allegations in Paragraph 2 comprise attorney characterizations, and are accordingly denied.

3. Monsanto denies the allegations in Paragraph 3.

4. Monsanto admits that certain studies purport to state that the health of certain bacteria in human bodies is linked to humans' general health, and that certain studies also suggest that interference with the gut flora may have effects on humans and animals, but denies this allegation to the extent it implies that these studies are valid or accurate. Monsanto denies the remaining allegations in Paragraph 4.

5. Monsanto denies the allegations in Paragraph 5.

6. Monsanto denies the allegations in Paragraph 6.

7. Monsanto denies the allegations in Paragraph 7.

8. Monsanto denies the allegations in Paragraph 8.

9. Monsanto denies the allegations in Paragraph 9.

10. Monsanto denies the allegations in Paragraph 10.

11. Monsanto admits that Plaintiffs seek the relief they describe in Paragraph 11, but otherwise denies that Plaintiffs are entitled to such relief. Monsanto otherwise denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. Paragraph 12 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 12.

13. Paragraph 13 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 13.

14. Paragraph 14 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 14.

15. Paragraph 15 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 15.

## PARTIES

16. Monsanto admits that it is a Delaware corporation headquartered in St. Louis, Missouri. Paragraph 16 otherwise states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 16.

17. Monsanto admits that it manufactures and/or causes the manufacture of Roundup® Products, and that those products are sold in retail stores in Missouri, New York, California, and throughout the United States. Monsanto otherwise denies the allegations of Paragraph 16.

18. Monsanto states that Ohio's corporate records show that Scotts Miracle-Gro Products, Inc. was merged out of existence in 1999, and on that basis denies the allegations of Paragraph 18.

19. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.

20. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

**FACTUAL ALLEGATIONS**

22. In response to the allegations of Paragraph 22, Monsanto admits that glyphosate is a non-selective herbicide that will kill most plants. Monsanto otherwise denies the remaining allegations in Paragraph 22.

23. Monsanto admits the allegations in Paragraph 23.[1]

24. Monsanto admits that EPSP synthase is present in some bacteria. Monsanto denies the remaining allegations of Paragraph 24.

25. Monsanto admits that certain studies claim that the health of beneficial gut bacteria is essential to the overall health of humans and other mammals but denies this allegation to the extent it implies that these studies are valid or accurate. Monsanto denies the remaining allegations in Paragraph 25.

26. Monsanto admits that a small number of studies have claimed that exposure to low doses of glyphosate can have effects in humans and animals in the context of a laboratory setting, but denies the allegations of Paragraph 26 to the extent they imply that these studies are valid or accurate. Monsanto denies the remaining allegations in Paragraph 26.

27. Monsanto refers to the labels for its Roundup Products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms. Monsanto denies the remaining allegations of Paragraph 27.

---

[1] Monsanto admits only the truth of the statement in Paragraph 23 itself, and does not admit the truth or accuracy of any additional propositions in the study Plaintiffs cite in footnote 6 of the complaint.

28. Monsanto refers to the labels for its Roundup Products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms. Monsanto denies the remaining allegations of Paragraph 28.

29. Monsanto denies the allegations in Paragraph 29.

30. Monsanto denies the allegations in Paragraph 30.

31. Monsanto denies the allegations in Paragraph 31.

32. Monsanto admits the allegations in Paragraph 32.

33. In response to the allegations in Paragraph 33, Monsanto admits that Monsanto Technology LLC sought a patent for glyphosate in 2003, which was granted in 2010. Monsanto further admits that there are certain studies that exist claiming that the Shikimate Pathway is present in bacteria, but denies this allegation to the extent that it implies these studies are valid or accurate. Monsanto otherwise denies the allegations in Paragraph 33.

34. Monsanto denies the allegations in Paragraph 34.

35. Monsanto denies the allegations in Paragraph 35.

36. Monsanto denies the allegations in Paragraph 36.

37. Monsanto denies the allegations in Paragraph 37.

38. Monsanto denies the allegations in Paragraph 38.

39. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40. Monsanto denies the allegations in Paragraph 40.

41. Monsanto denies the allegations in Paragraph 41.

42. Paragraph 42 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 42.

43. Monsanto denies the allegations in Paragraph 43.

44. Paragraph 44 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 44.

45. Paragraph 45 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 45.

## CLASS ALLEGATIONS

46. Answering Paragraph 46, Monsanto realleges and incorporates by reference Paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. Paragraph 47 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 47.

48. Monsanto admits that Plaintiffs seek to bring this action on behalf of a putative national class, but denies that certification of such a class is appropriate.

49. Monsanto admits that Plaintiffs seek to bring this action on behalf of putative Missouri, New York, and California classes, but denies that certification of such classes is appropriate.

50. Paragraph 50 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 50.

51. Monsanto admits the allegations in Paragraph 51.

52. Paragraph 52 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 52.

53. Paragraph 53 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 53.

54. Paragraph 54 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 54.

55. Paragraph 55 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 57.

58. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies those allegations.

59. Paragraph 59 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 59.

## COUNT I
Missouri Merchandising Practices Act
(on behalf of Jones and putative Missouri sub-class)

60. Answering Paragraph 60, Monsanto realleges and incorporates by reference Paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. In response to the allegations of Paragraph 61, Monsanto admits that Jones seeks to bring this cause of action as a member of a putative Missouri sub-class, but denies that certification of such a class is appropriate.

62. In response to the allegations of Paragraph 62, Monsanto admits that Jones brings this cause of action pursuant to the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. ("MMPA"), but denies any liability to Jones or putative class members.

63. Paragraph 63 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 63.

64. Paragraph 64 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 64.

65. Paragraph 65 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 65.

66. Paragraph 66 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 66.

67. Paragraph 67 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 67.

68. Paragraph 68 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 68.

69. Paragraph 69 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 69.

70. Paragraph 70 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 70.

71. Paragraph 71 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 71.

72. Monsanto denies the allegations in Paragraph 72.

73. Monsanto denies the allegations in Paragraph 73.

74. Monsanto denies the allegations in Paragraph 74.

75. Monsanto denies the allegations in Paragraph 75.

### COUNT II
### New York General Business Law § 349
### (on behalf of Bonilla and putative New York sub-class)

76. Answering Paragraph 76, Monsanto realleges and incorporates by reference Paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. In response to the allegations of Paragraph 77, Monsanto admits that Bonilla seeks to bring this cause of action as a member of a putative New York sub-class, but denies that certification of such a class is appropriate.

78. In response to the allegations of Paragraph 78, Monsanto admits that Bonilla brings this cause of action pursuant to New York General Business Law § 349, but denies any liability to Bonilla or putative class members.

79. Paragraph 79 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 79.

80. Monsanto denies the allegations in Paragraph 80.

81. Monsanto denies the allegations in Paragraph 81.

82. Monsanto denies the allegations in Paragraph 82.

83. Monsanto denies the allegations in Paragraph 83.

84. Monsanto denies the allegations in Paragraph 84.

85. Monsanto denies the allegations in Paragraph 85.

86. Monsanto denies the allegations in Paragraph 86.

87. Monsanto denies the allegations in Paragraph 87.

**COUNT III**
<u>New York General Business Law § 350</u>
<u>(on behalf of Bonilla and putative New York sub-class)</u>

88. Answering Paragraph 76, Monsanto realleges and incorporates by reference Paragraphs 1 through 87, inclusive, as though fully set forth herein.

89. In response to the allegations of Paragraph 89, Monsanto admits that Bonilla seeks to bring this cause of action as a member of a putative New York sub-class, but denies that certification of such a class is appropriate.

90. In response to the allegations of Paragraph 90, Monsanto admits that Bonilla brings this cause of action pursuant to New York General Business Law § 350, but denies any liability to Bonilla or putative class members.

91. Paragraph 91 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 91.

92. Paragraph 92 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 92.

93. Paragraph 93 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 93.

94. Monsanto denies the allegations in Paragraph 94.

95. Monsanto denies the allegations in Paragraph 95.

96. Monsanto denies the allegations in Paragraph 96.

97. Monsanto denies the allegations in Paragraph 97.

98. Monsanto denies the allegations in Paragraph 98.

**COUNT IV**
California's Consumer Legal Remedies Act ("CLRA")
(on behalf of Yee and putative California sub-class)

99. Answering Paragraph 99, Monsanto realleges and incorporates by reference Paragraphs 1 through 98, inclusive, as though fully set forth herein.

100. In response to the allegations of Paragraph 100, Monsanto admits that Yee seeks to bring this cause of action as a member of a putative California sub-class, but denies that certification of such a class is appropriate.

101. In response to the allegations of Paragraph 101, Monsanto admits that Yee brings this cause of action pursuant to the CLRA, but denies any liability to Yee or putative class members.

102. Paragraph 102 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 102.

103. Monsanto denies the allegations in Paragraph 103.

104. Monsanto denies the allegations in Paragraph 104.

105. Monsanto admits that Yee, through counsel, sent a letter to Monsanto on December 21, 2018, and that Monsanto, through counsel, responded via letter dated January 22, 2019, and states that the contents of both letters speak for themselves. Monsanto otherwise denies the allegations in Paragraph 105.

106. Monsanto denies the allegations in Paragraph 106.

107. Monsanto denies the allegations in Paragraph 107.

**COUNT V**
California's False Advertising Law ("FAL")
(on behalf of Yee and putative California sub-class)

108. Answering Paragraph 108, Monsanto realleges and incorporates by reference Paragraphs 1 through 107, inclusive, as though fully set forth herein.

109. In response to the allegations of Paragraph 109, Monsanto admits that Yee seeks to bring this cause of action as a member of a putative California sub-class, but denies that certification of such a class is appropriate.

110. In response to the allegations of Paragraph 110, Monsanto admits that Yee brings this cause of action pursuant to the FAL, but denies any liability to Yee or putative class members.

111. Paragraph 111 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 111.

112. Monsanto denies the allegations in Paragraph 112.

113. Monsanto denies the allegations in Paragraph 113.

114. Monsanto denies the allegations in Paragraph 114.

11

115. Monsanto denies the allegations in Paragraph 115.

116. Monsanto denies the allegations in Paragraph 116.

117. Monsanto denies the allegations in Paragraph 117.

## COUNT VI
### California's Unfair Competition Law ("UCL")
### (on behalf of Yee and putative California sub-class)

118. Answering Paragraph 118, Monsanto realleges and incorporates by reference Paragraphs 1 through 118, inclusive, as though fully set forth herein.

119. In response to the allegations of Paragraph 119, Monsanto admits that Yee seeks to bring this cause of action as a member of a putative California sub-class, but denies that certification of such a class is appropriate.

120. In response to the allegations of Paragraph 120, Monsanto admits that Yee brings this cause of action pursuant to the UCL, but denies any liability to Yee or putative class members.

121. Monsanto denies the allegations in Paragraph 121.

122. Monsanto denies the allegations in Paragraph 122.

123. Monsanto denies the allegations in Paragraph 123.

124. Monsanto denies the allegations in Paragraph 124.

125. Monsanto denies the allegations in Paragraph 125.

126. Monsanto denies the allegations in Paragraph 126.

127. Monsanto denies the allegations in Paragraph 127.

128. In response to the allegations of Paragraph 128, Monsanto admits that Yee seeks an order disgorging Monsanto's supposedly ill-gotten gains and restoring to members of the California class any money paid for the Roundup® Products as a result of Monsanto's supposedly wrongful conduct, but denies that Yee or the putative California sub-class are entitled to such relief. Monsanto otherwise denies the allegation of Paragraph 128.

## COUNT VII
### Breach of Express Warranty
(on behalf of Plaintiffs and the putative classes)

129. Answering Paragraph 129, Monsanto realleges and incorporates by reference Paragraphs 1 through 128, inclusive, as though fully set forth herein.

130. In response to the allegations of Paragraph 130, Monsanto admits that Plaintiffs seek to bring this cause of action as members of the putative classes, but denies that certification of such classes is appropriate.

131. Paragraph 131 states legal conclusions for which no response is required. Monsanto otherwise denies the allegations of Paragraph 131.

132. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies those allegations.

133. Monsanto denies the allegations in Paragraph 133.

134. Monsanto denies the allegations in Paragraph 134.

## COUNT VII
### Unjust Enrichment
(on behalf of Plaintiffs and the putative classes)

135. Answering Paragraph 135, Monsanto realleges and incorporates by reference Paragraphs 1 through 135, inclusive, as though fully set forth herein.

136. In response to the allegations of Paragraph 136, Monsanto admits that Plaintiffs seek to bring this cause of action as members of the putative classes, but denies that certification of such classes is appropriate.

137. Monsanto denies the allegations of Paragraph 137.

138. Monsanto denies the allegations of Paragraph 138.

139. Monsanto denies the allegations of Paragraph 139.

## PRAYER FOR RELIEF

Monsanto denies that Plaintiff is entitled to any of the relief sought in his Prayer for Relief, individually, or as a whole, including but not limited to Items A through H of the Prayer for Relief.

## JURY TRIAL DEMANDED

Plaintiffs' request for a trial by jury is a legal request for which no response is required. Monsanto hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Monsanto asserts the following and any other affirmative defenses. In asserting these defenses, Monsanto does not assume the burden of proof with regard to any issue upon which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each any every cause of action or purported cause of action contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs, by their own acts and/or omissions, are estopped from recovering at all against Monsanto.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise ordinary and reasonable care on their own behalves and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, their alleged injuries and damages, if any, and Plaintiffs' recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, in connection with the matters referred

to in the Complaint, and that such failure to mitigate bars and/or diminishes Plaintiffs' recovery, if any, against Monsanto.

## FIFTH AFFIRMATIVE DEFENSE

The causes of action in the Complaint, and each of them, are barred by the doctrine of laches, in that Plaintiffs unreasonably delayed in bringing these causes of action, and said delays have prejudiced Monsanto.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this Complaint against Monsanto.

## EIGHTH AFFIRMATIVE DEFENSE

If Monsanto is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action listed therein, fails to state facts sufficient to support an award of attorneys' fees, expert witness fees, and other litigation fees, costs, and expenses.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant herein, Monsanto exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The injuries and damages sustained by Plaintiffs, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiffs' recovery, if any, against Monsanto.

## TWELFTH AFFIRMATIVE DEFENSE

Monsanto is informed and believes, and on the basis of that information and belief alleges, that Plaintiffs were negligent in and about the matters alleged in the Complaint and in each purported cause of action alleged therein; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint, if any. In the event Plaintiffs were to be found to be entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiffs, and any person whose negligent acts or omissions are imputed to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiffs recover damages from Monsanto, Monsanto is entitled to indemnification, contribution, or apportionment, either in whole in part, from persons or entities whose negligence and/or faults proximately contributed to Plaintiffs' damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Monsanto's acts or omissions were not the actual, legal cause of Plaintiffs' actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Punitive and/or exemplary damages are not available because Monsanto's conduct was not willful, malicious, fraudulent or oppressive. Plaintiffs failed to state facts sufficient to recover punitive or exemplary damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under New York GBL §§ 349 and 350 are barred by the statutory safe harbors for conduct that is "subject to and complies with" federal and state rules and regulations. N.Y. GBL §§ 349(d), 350(d).

## EIGHTEENTH AFFIRMATIVE DEFENSE

All Plaintiffs' claims for equitable relief are barred because, to the extent Plaintiff is entitled to any relief, Plaintiff has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

Monsanto has not knowingly or intentionally waived any applicable affirmative defenses, and thus reserves the right to assert and rely on any and all affirmative defenses to Plaintiff's Complaint that are available under the Federal Rules of Civil Procedure, the laws of the States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Monsanto prays that judgment be entered:

(1) Dismissing Plaintiff's Complaint with prejudice;

(2) Awarding Monsanto costs, expenses, and attorneys' fees, as may be permitted by law; and

(3) Granting other relief as the Court deems just and appropriate.

Respectfully submitted this 6th day of August, 2019.

                            WINSTON & STRAWN LLP

                            **/s/ John J. Rosenthal**
                            John J. Rosenthal
                            (admitted *pro hac vice*)
                            Jeff Wilkerson
                            (admitted *pro hac vice*)
                            Christine D. Tillema
                            (admitted *pro hac vice*)
                            Patrick E. Hogan
                            (admitted *pro hac vice*)

                            1700 K Street, N.W.
                            Washington, D.C. 20006
                            Phone: (202) 282-5000
                            Fax: (202) 282-5100
                            jrosenthal@winston.com
                            jwilkerson@winston.com
                            ctillema@winston.com
                            phogan@winston.com

                            SHOOK HARDY & BACON L.L.P.

                            James P. Muehlberger #51346
                            Douglas B. Maddock, Jr. #53072

                            2555 Grand Blvd.
                            Kansas City, MO 64108
                            Telephone (816) 474-6550
                            Facsimile (816) 421-5547
                            jmuehlberger@shb.com
                            dmaddock@shb.com

                            *Attorneys for Defendant Monsanto Company*