UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA JONES, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>       Defendant. | Case No. 19-0102-CV-W-BP<br><br>Hon. Beth Phillips |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

With Defendant Monsanto Company's ("Monsanto" and, collectively with Plaintiffs, the "Parties") consent, Plaintiffs file this supplemental memorandum in support of their March 23, 2020 Motion for Preliminary Approval of Class Action Settlement, Dkt. No. 49 (the "Preliminary Approval Motion").

Following the filing of the Preliminary Approval Motion, on March 31, 2020, the Parties executed a corrected settlement agreement to correct a scrivener's error in the Settlement filed with the Preliminary Approval Motion, which was filed with Court on the same day. Dkt. No. 51. Subsequently, on May 12, 2020, the Parties executed a Second Corrected Class Action Settlement Agreement (the "Second Corrected Settlement Agreement"), which is attached as Exhibit A to the Supplemental Declaration of Kim Richman, filed concurrently herewith. None of the changes included in the Second Corrected Settlement Agreement materially change the settlement terms described in the Preliminary Approval Motion, and the Court should grant that motion for all the reasons described in the supporting memorandum filed therewith. Nonetheless, Plaintiffs file this supplemental memorandum to apprise the Court of the nature of those changes and related changes made to other documents submitted to the Court in connection with the Preliminary Approval Motion. Those changes are as follows:

*First*, the Parties have agreed to revise the Release granted by the class in consideration for the settlement to clarify the Parties' intent with regard to the scope of the release. As described on page 15, Section N of the Second Corrected Settlement Agreement, the release applies only to non-personal injury claims that arise out of or are predicated on the challenged statement or similar statements/alleged omissions. It does not apply to personal injury claims, including but not limited to the pending personal injury claims in other courts based on the alleged carcinogenicity of

glyphosate-containing products. It also does not apply to claims for economic loss that are not based on the challenged statement or a similar statement/omission. For example, the Settlement would not release claims for breach of warranty or false advertising regarding alleged statements or omissions about carcinogenicity, to the extent that plaintiffs relied on something other than on the challenged statement or a similar statement/omission (as defined in the Second Corrected Settlement Agreement).[1]

***Second***, the Parties have amended Section G.1. of the Settlement to reflect that Plaintiffs intend to seek an incentive award of $2,500 for each of the named Plaintiffs, which Monsanto will not oppose. The Settlement has always included a provision that the Plaintiffs would seek "reasonable" incentive awards; this amendment simply clarifies the amount of those requested awards. Whether to approve such awards remains a decision for the Court.

***Third***, the Parties have amended Section M of the Settlement to (a) name proposed *cy pres* beneficiaries, the National Consumer Law Center and the National Advertising Division of the Better Business Bureau; (b) clarify that both the selection of these *cy pres* beneficiaries and any distribution(s) to these beneficiaries are, like all of the terms of the Settlement, subject to prior Court approval, including allowing for a public announcement prior to any distribution(s) as may be required by the Court; and (c) provide a streamlined mechanism for the Parties to agree to different or additional *cy pres* beneficiaries as may be required by the Court. These amendments are intended primarily to clarify the parties' preexisting understanding regarding the Court's role in approving the Settlement and any *cy pres* distributions.

***Fourth***, the Parties have amended Sections A.7. and A.26. of the Settlement to extend the Notice Period from 60 days to 90 days and, likewise, to extend the Claims Deadline and Opt-Out

---

[1] To be clear, claims released by the settlement are released even if asserted in the same action as an unreleased claim.

Deadline from 90 days following Preliminary Approval to 120 days following Preliminary Approval. Although a 60-day Notice Period has been approved in other cases, this change addresses concerns that, in light of the current public-health situation, consumers may be less attuned to non-pandemic-related media/publicity.

*Finally*, attached to the Supplemental Declaration of Brandon Schwartz filed concurrently herewith are updated versions of notice documents filed with the Preliminary Approval Motion, along with a copy of the proposed Long-Form Notice to class members, all of which have been revised to conform with the changes described in the preceding paragraphs.

As mentioned above, none of these changes materially alter the terms of the Settlement as described in the Preliminary Approval Motion and supporting memorandum. Indeed, these changes only bolster the arguments therein that the proposed settlement is fair and reasonable to the class—clarifying the scope of the release to avoid any possible misinterpretation that personal injury claims have been released and providing additional time for notice and claims. Thus, for all the reasons described in the Preliminary Approval Motion, and herein, Plaintiffs ask the Court to issue an Order (1) preliminarily certifying the Settlement Class and appointing the named Plaintiffs and their counsel as Class Representatives and Class Counsel; (2) preliminarily approving the proposed Settlement; (3) approving the Class Notice and Notice Plan, and directing that Class Notice be disseminated pursuant to the Notice Plan; and (4) setting a fairness hearing and other necessary dates in connection with Final Approval of the Settlement.

Dated: May 12, 2020        Respectfully Submitted,

**RICHMAN LAW GROUP**
Kim E. Richman (*pro hac vice*)

Clark A. Binkley (*pro hac vice*)
8 West 126th St.
New York, NY 10027
T: 718-705-4579
F: 212-687-8292
krichman@richmanlawgroup.com
cbinkley@richmanlawgroup.com

**BELL LAW, LLC**
Bryce B. Bell (MO#66841)
Mark W. Schmitz (MO#69329)
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com

**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
Michael L. Baum (*pro hac vice*)
R. Brent Wisner (*pro hac vice*)
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
T: (310) 207-3233
mbaum@baumhedlundlaw.com
bwisner@baumhedlundlaw.com

*Attorneys for Plaintiffs and the Class*