IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA JONES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 19-0102-CV-W-BP |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF CLASS FOR THE PURPOSES OF SETTLEMENT, AND APPROVAL OF FORM AND MANNER OF NOTICE**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, Certification of Class for the Purposes of Settlement, and Approval of Form and Manner of Notice, (Doc. 49). The Court has reviewed the Motion and the supporting papers, including the Supplemental Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, (Doc. 52), and the Second Corrected Settlement Agreement filed concurrently therewith, (Doc. 52-1).[1] Plaintiffs' Motion is hereby **GRANTED** and the Court **ORDERS** the following:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Civil Action as a class action on behalf of the following Class:

    All persons in the United States, who during the Class Period purchased in the United States, for personal or household use and not for resale or distribution, Roundup® Products in packaging whose label contained the statement "targets an enzyme found in

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

1

plants but not in people or pets" or a substantially similar statement. Any person who previously received a full refund is excluded from the Class definition.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Civil Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual question; (c) the claims of the class representatives are typical of the claims of the Class; (d) the class representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the named Plaintiffs Lisa Jones, Horacio Torres Bonilla, and Kristoffer Yee as the class representatives of the Class.

4. Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Kim E. Richman and Michael L. Baum as Class Counsel to represent the Class.

5. The Court hereby preliminarily approves the Second Corrected Settlement Agreement, (Doc. 52-1), and terms and conditions set forth therein, subject to further consideration at the Final Settlement Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Second Corrected Settlement Agreement, and hereby finds that

the settlement falls within the range of reasonableness meriting possible final approval.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Settlement Hearing on **November 9, 2020 at 10:00 a.m., in Courtroom 7A, United States District Court for the Western District of Missouri, 400 East 9th Street, Kansas City, Missouri 64106** for the following purposes:

   a. Final determination as to whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

   b. Determination of whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Second Corrected Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

   c. Consideration of the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Second Corrected Settlement Agreement;

   d. Consideration of the application of the named Plaintiffs for $2,500 incentive awards, as referenced in the Second Corrected Settlement Agreement;

   e. Consideration of whether the Court should enter the Judgment, Final Order, and Decree;

      f.      Consideration of whether the release by the Settlement Class Members of the Released Claims as set forth in the Second Corrected Settlement Agreement should be provided;

      g.      Ruling upon such other matters as the Court may deem just and appropriate.

8. The Parties may further modify the Second Corrected Settlement Agreement prior to the Final Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

9. Class Members must file and serve any objections to the proposed settlement no later than the first business day on or after ten (10) calendar days from the filing of the Motion for Final Approval of the Settlement and Application for Fees, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

10. All papers in support of the settlement and any application for an award of attorney fees, actual out-of-pocket expenses, and/or class representative incentive awards must be filed with the Court and served at least fourteen (14) days prior to the Final Settlement Hearing.

11. The Court approves, as to form and content, the Parties' proposed Notice Plan, with those clarifications included in the Supplemental Declaration of Brandon Schwartz (Doc. 50-5).

12. Within fourteen (14) days of this Order, Class Counsel shall provide to each Class member the Class Notice and Claim Form.

13. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Class Notice and Claim Form and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement Agreement and this Order under the direction and supervision of the Court.

14. All costs of administering the settlement shall be paid from the Common Fund, as set forth in the Settlement Agreement.

15. As provided in the Class Notice, each Class member shall have the right to exclude him or herself from the settlement class by mailing a request for exclusion to Claims Administrator postmarked no later than one-hundred and twenty (120) days after the date of this Order.

16. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: May 14, 2020 UNITED STATES DISTRICT COURT